IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISSAC LITTLE, | : | |
| | : | 1:12-cv-0030 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| B.A. BLEDSOE, | : | |
| | : | |
| Respondent. | : | |

# MEMORANDUM

### April 2, 2012

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 11), filed on March 6, 2012, which recommends that the petition for writ of habeas corpus filed by Petitioner Issac Little ("Petitioner" or "Little") be dismissed. Objections to the R&R were due by March 20, 2012, and to date, none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, the R&R shall be adopted and the petition shall be dismissed.

I.      **FACTUAL BACKGROUND/PROCEDURAL HISTORY**[1]

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed on January 6, 2012. (Doc. 1). Petitioner is an inmate at the United States Penitentiary in Lewisburg ("Penitentiary"), Pennsylvania in the facility's Special Management Unit, serving time for violating his probation and distributing cocaine. (Doc. 1). Petitioner was arrested, tried, convicted and sentenced on these charges and his conviction was affirmed by the Washington, D.C. Superior Court. In his time at the Penitentiary, Little has been cited for 16 different disciplinary infractions. (Doc. 7-1) With approximately ten months until his ultimate release, Little has petitioned for review of the Federal Bureau of Prisons' ("BOP") denial of his request to be placed in a Residential Re-entry Center ("RRC"). (Doc. 1). Little's request to be placed in a RRC was made under 18 U.S.C. § 3624, the Second Chance Act.[2] Petitioner requests declaratory relief through an order that would: 1) require Respondent B.A. Bledsoe ("Respondent" or "Bledsoe") to explain the denial of Little's request; 2) direct Respondent "to the appropriate

---

[1] In the interest of judicial economy, this Court offers a summary of the facts and a brief description of the procedural history. We refer the reader to pages 1 to 8 of the R&R for a full factual synopsis.

[2] The Second Chance Act is a 2008 federal statute designed to provide prison officials with greater discretion in assisting inmates in making the transition back into society by permitting prison officials to place inmates in RRCs up to 12 months before they are released from custody.

judicial relief;" and 3) appoint counsel "to represent the complex issues and ascertain tangible information averred herein." (Doc. 1 pp. 7,8).

On March 6, 2012 Magistrate Judge Carlson issued a R&R concluding that Little has failed to exhaust his administrative remedies on all claims related to his transfer to a RRC.[3]  Magistrate Judge Carlson thus recommends that, because exhaustion of available remedies is a prerequisite to seeking federal habeas corpus relief, Little's failure to exhaust compels dismissal of his petition.  Thus, Magistrate Judge Carlson recommends dismissal of the petition on the merits.

## II.    STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874,

---

[3] Little filed five claims pertaining to RRC placement within the BOP system; however, he failed to fully exhaust the BOP's administrative appeals process in each instance.  Each informal complaint handled by prison staff may be subject to the BOP's three-tiered review process.  The three-tier process is triggered when an inmate takes his complaint beyond the informal stages and issues a written complaint to the warden.  If dissatisfied with the warden's determination, the inmate may then appeal to the Regional Director.  If the Regional Director's ruling fails to mollify the inmate, the third and final tier consists of an appeal to the General Counsel of the Central Office.  Little never pursued a complaint beyond an appeal to the Regional Director.

878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## III. DISCUSSION

We concur with Magistrate Judge Carlson's conclusion that Petitioner has failed to exhaust his available administrative remedies with respect to his various requests to be placed in a RRC for the remainder of his sentence. Little has not pursued any of his complaints to the General Counsel for appellate review, which is the final level of administrative relief available to him. Magistrate Judge Carlson correctly points out that "courts in the United States Court of Appeals for the Third Circuit have consistently required an inmate to exhaust his administrative remedies prior to petitioning for a write of habeas corpus." (Doc. 11 quoting *Melchiorre v. Martinez*, No. 09-1123, 2009 WL 3241678, *2 (M.D. Pa. Sept. 30, 2009)). The Magistrate Judge also properly notes that an inmate's anticipation that an

4

administrative remedy will be unsuccessful does not sidestep the exhaustion requirement.

In his R&R, Magistrate Judge Carlson recommends that the instant petition be dismissed because Little has clearly failed to fully exhaust the available administrative remedies. As we have already mentioned, the Petitioner has not filed objections to this R&R. Because we agree entirely with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.